67 F.3d 303
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Tommy Lee MONK, Appellant,
v.
L.C. SMITH; Ben Garner; Ham Singleton; Tim Osborne;
Sergeant Bell; Tim Womack, Appellees.
 No. 94-3612
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Sept. 12, 1995
Filed: Sept. 22, 1995
 
 Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Tommy Lee Monk appeals from the district court's[1] order granting judgment to defendants sheriff Ben Garner and chief jailer L.C. Smith following a bench trial in this 42 U.S.C. Sec. 1983 action. Monk had alleged that defendants were deliberately indifferent to his serious medical needs relating to his drug overdose. We affirm.
 
 
 2
 The district court found that on June 19, 1992, during jury deliberations in Monk's criminal trial in Ouachita County Circuit Court, Monk's standby counsel observed Monk drinking lots of coffee and taking a large amount of medicine. Standby counsel informed Garner, who promptly took away the medicine. Garner then spoke to Monk, who did not ask for medical help or behave like he needed medical assistance. The district court further found that defendants had no actual knowledge that Monk took a lethal dosage while he was in the courtroom; that defendants warned all law enforcement personnel that Monk had taken an undeterminable amount of medication; and that officials continued to monitor Monk. Monk did not show signs of toxic overdose until about six hours after he ingested the pills, at which time he was given medical attention. The court concluded that the Eighth Amendment did not require state law enforcement officials to "rush their prisoners to the emergency room at any mention of a possible drug overdose with no accompanying symptoms." Monk v. Smith, No. 92-1139, mem. op. at 9 (W.D.Ark. Sept. 27, 1994). Accordingly, the district court granted judgment to defendants. On appeal, Monk argues the evidence established deliberate indifference.
 
 
 3
 We review a district court's findings of fact under the clearly erroneous standard, while we review de novo the issue of whether the established facts prove an Eighth Amendment violation. See Choate v. Lockhart, 7 F.3d 1370, 1373 (8th Cir.1993).
 
 
 4
 To prevail under section 1983 for an Eighth Amendment violation in an attempted suicide case, Monk must establish that defendants displayed deliberate indifference. See Bell v. Stigers, 937 F.2d 1340, 1343 (8th Cir.1991). Deliberate indifference may arise when jailers have failed to discover the inmate's suicidal tendencies or when they have discovered the tendencies and have failed to take preventative measures. Rellergert v. Cape Girardeau County, 924 F.2d 794, 796 (8th Cir.1991) (footnotes omitted). In addition, deliberate indifference must be considered in light of the level of knowledge possessed by officials involved. Popham v. City of Talladega, 908 F.2d 1561, 1564 (11th Cir.1990).
 
 
 5
 It is uncontroverted that Garner and Smith were not involved in the decision to allow Monk to have his medication with him during the trial. Upon our review of the record, including the trial transcript, we conclude that the district court's findings that Garner and Smith had no knowledge that Monk took a lethal dose of medication are not clearly erroneous. Upon hearing that Monk had ingested an unknown quantity of pills, Garner spoke with Monk, Monk's family, and Monk's standby counsel. Garner monitored Monk's condition and made arrangements for Monk to be transported to the ADC which was equipped with medical facilities should Monk need them. Monk displayed no signs of an overdose until some six hours after he ingested the pills, at which time he was given medical treatment.
 
 
 6
 As to any delay in treatment, the district court's findings that Monk was given medical treatment as soon as he displayed signs of a toxic overdose are not clearly erroneous. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas