Dale Dean **LUTZ, et al., Plaintiffs**

v.

**Hon. George F. SMITH,
et al., Defendants**

No. 3:00CV7687.

United States District Court,
N.D. Ohio,
Western Division.

Nov. 26, 2001.

Bruce C. French, Lima, OH, for Plaintiffs.

Cheri B. Hass, Marc A. Fishel, Rufus B. Hurst, Downes, Hurst & Fishel, Columbus, OH, for Defendants.

### ORDER

CARR, District Judge.

This is a civil rights case in which the plaintiff Dale Dean Lutz claims that the defendants were deliberately indifferent to his medical needs while in the custody of the Hardin County, Ohio, Sheriff's Department. He also claims that unspecified constitutional rights were violated when no deputy accompanied or attended him when he was transported by private ambulance for treatment first to the Hardin Memorial Hospital (in Hardin County) and then to St. Rita's Hospital in Lima, Ohio. In addition, Mr. Lutz' wife, Tara Jean Lutz, seeks recovery for intentional infliction of emotional distress.

Pending is defendants' motion for summary judgment. For the reasons that follow, their motion shall be granted.

During the early evening of May 29, 2000, plaintiffs had a domestic dispute, during which Mr. Lutz struck his wife twice. She sought to call 911, but Mr. Lutz tore out the phone line. She went to a neighbor's house and placed a 911 call. Mrs. Lutz told the dispatcher that he husband had struck her, he had never done anything of that sort before, and she was very scared.

Sgt. Dyer of the Hardin County Sheriff's Department arrived at the scene within five to ten minutes of the 911 call. Seeing and photographing bruises on Mrs. Lutz and observing broken windows in the residence, Sgt. Dyer arrested Mr. Lutz for domestic violence.[1]

While at the Lutz residence, Sgt. Dyer and Mrs. Lutz noticed an empty pill bottle. Mrs. Lutz stated that the bottle had been full prior to the domestic dispute; Mr. Lutz told Sgt. Dyer that he had taken a normal dose (one pill), and had "got rid of" the rest. Mrs. Lutz gave Sgt. Dyer permission to take the empty bottle with him.

When arrested, Mr. Lutz exhibited no external signs of having overdosed on his medication. After his arrival at the Hardin County Jail, Mr. Lutz was placed in a holding cell for observation in the event he became ill.

The jailor looked at and spoke with Mr. Lutz at 9:15 p.m. and 9:40 p.m. and observed nothing unusual. Mr. Lutz was coherent, answered the jailor's questions, did not appear sick, and was calm. At 10:00 p.m., however, Mr. Lutz appeared to be in distress. When asked if he needed

---

1. Plaintiffs do not challenge the lawfulness of the arrest.

medical attention, he said that he did. Mr. Lutz also stated—for the first time, after his earlier denials—that he had taken his pills and needed medical attention.

A 911 call was placed, and shortly thereafter an ambulance arrived and took Mr. Lutz to the Hardin Memorial Hospital. Because Mr. Lutz was a psychiatric patient, and Hardin Memorial Hospital was ill equipped to deal with such patients, Mr. Lutz was transferred, again by private ambulance, to St. Rita's Hospital, located in Allen County, adjacent to Hardin County.

No guard accompanied Mr. Lutz or the ambulances that conveyed him to the hospitals. Nor did a guard remain with Mr. Lutz at either hospital while he was being treated.

Following his treatment, Mr. Lutz was taken into custody by the Allen County Sheriff's Department (acting, presumably, at the direction of the Hardin County Sheriff's Department), and transported to a multi-county jail in Marion County. He was detained in accordance with an agreement between that facility and Hardin County.

■■■ To prevail on a § 1983 claim, a plaintiff must show that state officials were deliberately indifferent to serious medical needs. *See, e.g., Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Hicks v. Frey,* 992 F.2d 1450, 1455–55 (6th Cir.1993). To be actionable under § 1983, delay in providing medical care must occur "in the face of information that a reasonable person would know requires action." *Howell v. Evans,* 922 F.2d 712, 720 n. 7 (11th Cir.1991), *vacated on other grounds,* 931 F.2d 711 (11th Cir. 1991) (per curiam). In the context of a drug overdose by an inmate, a plaintiff must "show a seriously elevated risk of drug overdose or illness ..., knowledge of that risk, and ... failure to take obvious remedial steps to the point where it amounts to deliberate indifference to the

risk." *Ringuette v. City of Fall River,* 888 F.Supp. 258, 270 (D.Mass.1995).

■■■ These standards have not been met in this case. The information known to the defendants was not sufficient to alert them to a substantial risk of harm. To be sure, they were aware that Mr. Lutz might have ingested an overdose. Knowing this, they monitored him. Nothing in the record shows that they knew Mr. Lutz had ingested a bottle full of medication, or that he was in danger from having done so until he became ill. Then they responded promptly, and appropriate treatment was obtained.

This case is similar to *Monk v. Smith,* 1995 WL 558967 (8th Cir.1995) (Unpublished Disposition), in which the Eighth Circuit upheld dismissal of a claim of deliberate indifference to medical needs following the plaintiff's overdose on medication. Though the defendants were aware that the plaintiff may have taken an overdose of prescription medication, they observed no outward symptoms of any problem, and, after speaking with the plaintiff, his family, and others, monitored the situation. As soon as the plaintiff exhibited signs of distress, treatment was provided. Under those circumstances—which are replicated in this case—no deliberate indifference existed. *See also Hutto v. Davis,* 972 F.Supp. 1372, 1377 (W.D.Okla.1997) (jailors unaware of risk of overdose not liable for inmate's death).

Cases in which officers have been found to have been deliberately indifferent in the face of knowledge that a detainee had taken an overdose and was in distress differ significantly in their facts from this case. Thus, in *Wilson v. City of Chanute,* 43 F.Supp.2d 1202 (D.Kan.1999), officers did nothing as a detainee's condition deteriorated in their presence, even though they were aware of his access to a large quantity of medication and his ingestion of a

handful of Prozac pills. No similar degree of knowledge was present here, nor did the officers fail to respond promptly to the symptoms of plaintiff's distress.

The defendants are, accordingly, entitled to summary judgment on Mr. Lutz' claim of deliberate indifference to his medical needs.

■ Plaintiff also claims that his constitutional rights were somehow violated when no guard accompanied him either when he was transported for medical care or while he was receiving hospital care. Plaintiff speculates that leaving him unattended reflected a desire to relieve the county of the burden of paying for his treatment.

Plaintiff has pointed to neither a specific constitutional provision nor decision under § 1983 in support of his claim. He has, accordingly, failed to state a cognizable cause of action.[2]

■ In any event, it appears that Mr. Lutz remained in the constructive custody of the Hardin County Sheriff's Department, even though he may not have had a deputy at his side. *Cf. Jacobsen v. Marin General Hospital,* 192 F.3d 881, 886 (9th Cir.1999) (coroner had constructive custody of the body of a decedent found unconscious and taken to a hospital). Thus, the authorities did nothing wrong, much less something unconstitutional, when they caused him to be returned to actual custody and remanded to the Marion County Jail.

■ Nor do I find anything wrong, or, again, much less unconstitutional, in any motivation, if such existed, to relieve the county of the burden of paying for the treatment necessitated by plaintiff's ingestion of an overdose of his medication. Having acted, properly, to see that plaintiff got treatment, the county was not required to do so in a manner that made it responsible for the expenses of that treatment.

In any event, the plaintiff would not appear to have standing with regard to any claim by the hospital against the county. If there is a basis for making the county pay for the plaintiff's treatment, it is up to the hospital to assert such claim.

■ I conclude, accordingly, the defendants are entitled to summary judgment with regard to Mr. Lutz' claim that they somehow committed a constitutional tort by failing to go with him as treatment was sought and provided.[3]

Due to a lack of diversity of citizenship, this court has no jurisdiction over the state-law claim of Mrs. Lutz for intentional infliction of emotional distress. That claim shall be dismissed without prejudice.

Plaintiff has expended most of his energy in his opposition to the motion for summary judgment asserting that the actions of the defendants—which violated none of his constitutional rights—manifested an intent to retaliate for the imposition on some of them of liability in an unrelated matter involving other persons. There be-

---

**2.** A court has no duty, when confronted with a blank page where a list of citations should be found, to scour the reports and other sources to find that which the litigant has failed to seek out and submit. The burden remains on a claimant to present not only facts giving rise to a claim, but to provide a legal basis for the claim. Having failed to do so in this case, the plaintiff has not stated a cause of action.

**3.** Even if a cause of action could be divined from plaintiff's allegations, the defendants would be entitled to immunity, because their actions did not violate a settled constitutional right of which they were, or reasonably should have been aware. *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

ing no cognizable nexus between those allegations and the claims in this case, no cause of action has been stated, or could be stated on the basis of those assertions.

In light of the foregoing, it is

ORDERED THAT defendants motion for summary judgment be, and the same hereby is granted; other pending motions overruled as moot.

So ordered.